UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVEN PETERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | 1:04-cv-1338-SEB-TAB |
| vs. ) | |
| ) | |
| GILEAD SCIENCES, INC., ) | |
| ) | |
| Defendant. ) | |

**ENTRY DENYING MOTION TO RECONSIDER**
(Docket No. 136)

Plaintiff Steven Peters ("Peters") moves the Court to reconsider and set aside its November 13, 2009, order dismissing this action with prejudice for his failure to prosecute it. For the reasons stated below, Peters's Motion to Reconsider is DENIED.

*Procedural History*

Peters filed suit against Defendant Gilead Sciences, Inc. ("Gilead") in August 2004 alleging sex discrimination, disability discrimination, FMLA violations, retaliatory discharge, and promissory estoppel. In February 2006, the parties filed competing motions for summary judgment, which were granted in part and denied in part.[1] Dissatisfied with a portion of the summary judgment ruling, Gilead moved for reconsideration. On November 20, 2006, Gilead's motion to reconsider was granted and final judgment was entered in favor of Gilead and against Peters on all counts. Peters took an appeal to the Seventh Circuit Court of Appeals, which reversed the summary

---

[1] This case was initially assigned to and ruled upon by Judge John D. Tinder when he was a member of this Court. He has since been elevated to the Seventh Circuit Court of Appeals and the case was reassigned to the undersigned judge.

judgment decision and remanded the case in August 2008.

After the litigation resumed in our Court, the parties met with Magistrate Judge Baker on July 8, 2009, for a settlement conference. The settlement conference was unsuccessful and a few days later, Peters's attorney, citing a breakdown in the attorney-client relationship, filed a motion to withdraw her appearance.

On August 6, 2009, Magistrate Judge Baker held a telephonic conference to address the motion to withdraw filed by Peters's counsel and also the motion filed by Gilead for a cease and desist order to stop Peters's ongoing attempts to communicate about the litigation directly with Gilead, a represented party, through Gilead's CEO. Although Peters had been specifically ordered to call into the Court and personally participate in the telephonic conference, he did not. As a result, Magistrate Judge Baker ordered Peters to show cause on or before August 20, 2009 why sanctions should not issue.

The Court received nothing from Peters on or before the August 20, 2009, deadline. Nearly three months later, on November 10, 2009, after the Court still had heard nothing from Peters, Magistrate Judge Baker issued an order recommending to the undersigned judge that the case be dismissed with prejudice for Peters's failure to respond to the show cause order and his apparent abandonment of his claims. That same day, no doubt prompted by Magistrate Judge Baker's recommendation, Gilead filed a Motion to Dismiss for Failure to Prosecute and to Comply with Court Orders. [Docket No. 133].

On November 13, 2009, we dismissed this action with prejudice, pursuant to Fed. R. Civ.

P. 41(b), consistent with Magistrate Judge Baker's recommendation.[2] Thirty-one (31) days thereafter, on December 14, 2009, Peters was sufficiently roused from his slumber to file the Motion to Reconsider that is now before the Court.

### *Discussion*

A district court has authority under Fed. R. Civ. P. 41(b) to enter *sua sponte* an order of dismissal for a party's failure to prosecute. James v. McDonald's Corp., 417 F.3d 672, 681 (7th Cir. 2005). Such authority "has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Id., citing Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). The dismissal of an action for the failure to prosecute is reviewed for an abuse of discretion. Id. At the appellate level, it is presumed that the district court acted reasonably. Id. Reversal is warranted "only if it is plain that the dismissal was a mistake or that the judge did not consider factors essential to the exercise of sound discretion." Id., citing Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 725 (7th Cir. 2004).

In his Motion to Reconsider, Peters disputes the Court's finding that he failed to respond to the show cause order and had apparently abandoned his claims. In an *unsigned* affidavit filed as an exhibit to his motion, Peters asserts that, when he became aware of the show cause order, he "wrote a letter to the Judge and mailed it to the clerk" explaining that he was never notified, orally or in writing, of the August 6, 2009, telephonic conference. [Declaration of Steven Peters, ¶¶ 7, 13 & 14.]

---

[2] Because we dismissed the action for Peters's failure to prosecute, we did not address the merits of Gilead's Motion to Dismiss for Failure to Prosecute and Comply with Court Orders, which in any event, relied on the facts and circumstances already cited by Magistrate Judge Baker.

He further asserts that the day he received Magistrate Judge Baker's November 10, 2009, order recommending that his case be dismissed, he "spoke to Magistrate Judge Baker's assistant" and told her that he "wanted to continue [his] case and was not abandoning it." [Declaration of Steven Peters, ¶¶ 15, 17 & 18.]   He, thus, argues that the Court had both "actual and constructive knowledge" of his intent to pursue his claims, [Peters's Motion to Reconsider , ¶ J (on page 5)], and should set aside the order of dismissal because of a mistake or inadvertence by the Court– that is, the Court either overlooked or ignored his letter and phone call.  We are not persuaded that the Court acted on the basis of any such mistake.

Peters's claim that he "wrote a letter to the Judge and mailed it to the clerk" in response to the show cause order is not supported by anything in the record.  No such letter appears on the Court's docket and the undersigned is confident that she never received such a letter.  Our inquiries similarly reveal that Magistrate Judge Baker's chambers never received such a letter.  Most convincing is the fact that Peters did not attach a copy of the alleged letter as an exhibit to his motion.

Peters's claim that, after he received the Magistrate Judge's recommendation that the case be dismissed, he "spoke to Magistrate Judge Baker's assistant" and told her that he "wanted to continue [his] case and was not abandoning it," even if true,[3] would not suffice to make any of the statements allegedly made by him during that telephone call a matter of record.  Phone calls to court staff are generally insufficient to create a record or preserve a party's rights.  See Fed. R. Civ. P. 7(b)(1) (motions and other requests of the court must be made in writing).

---

[3]     Magistrate Judge Baker's assistant has no recollection of receiving and no written notes regarding any such phone call.

4

In any case, the affidavit in which Peters asserts those facts is procedurally deficient. It is not executed in accordance with 28 U.S.C. § 1746 and the local rules of court because it does not bear Peters's handwritten signature. The signature line of the affidavit is merely typed: "s/Steven Peters." Only attorneys who are registered to file documents electronically in this District (i.e., "Filing Users") may execute documents with a typed "s/[Name]." Local Rule 5.11. "Documents requiring a signature other than that of an attorney must bear an original handwritten signature and must be scanned into PDF for electronic filing." Id; see also Section 14 of the Civil Electronic Case Filing Administrative Policies and Procedures Manual for the Southern District of Indiana. Peters's affidavit is neither properly signed, nor properly verified. Therefore, it is not properly before the Court, making it subject to being disregarded.

Even if we consider the merits of Peters's affidavit, we are not persuaded that the claims asserted therein justify setting aside our order of dismissal. "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break." James, 417 F.3d at 681, citing GCIU Employer Ret. Fund v. Chicago Tribune Co., 8 F.3d 1195, 1198 - 99 (7th Cir. 1993) (internal quotations omitted). When Peters did not appear at the conference as directed and did not respond to the Court's show cause order by the August 20, 2009, deadline, the Court was nonetheless forbearing in delaying a decision, waiting nearly three months before issuing the dismissal order. Peters's excuse for not filing anything with the Court during that interim period was that he "was mentally and physically handicapped or otherwise unable to represent myself." [Declaration of Steven Peters, ¶ 52.] Again, no verification of this alleged condition is provided by Peters. Given the protracted history of this litigation, Peters's reported difficulties in working with

his own counsel, and Peters's alleged conduct vis-a-vis Gilead's CEO, we are not persuaded by the unsubstantiated, self-serving, after-the-fact assertions contained in Peters's unsigned, unverified affidavit that our dismissal of this action was improvidently ordered. Peters, insofar as the Court knew or could tell, had abandoned this litigation. His Motion for Reconsideration is DENIED.

IT IS SO ORDERED.

Date: 08/19/2010

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Copies to:

Michael C. Kendall
KENDALL LAW OFFICE
mckatlaw@aol.com

Michael A. Moffatt
LITTLER MENDELSON PC
mmoffatt@littler.com

Todd M. Nierman
LITTLER MENDELSON PC
tnierman@littler.com